IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLEY GAYLE PERIGO, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MILLICENT NEWTON-EMBRY, Warden; )<br>JUSTIN JONES, Director; and )<br>ATTORNEY GENERAL OF THE )<br>STATE OF OKLAHOMA, )<br>)<br>Respondents. ) | Case No. 06-CV-069-JHP-PJC |

### ORDER

On February 3, 2006, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) and supporting brief (Dkt. # 2). After being denied leave to proceed *in forma pauperis* (Dkt. # 7), Petitioner has now paid the $5.00 filing fee.

Respondent is directed to prepare a response to the petition pursuant to Rule 5 of the *Rules Governing § 2254 Habeas Corpus Cases*. That rule provides that:

(1) The answer shall respond to the allegations of the petition;

(2) The answer shall state whether the petitioner has exhausted his/her state remedies, including any post-conviction remedies available to him/her under the statutes or procedural rules of the state and including also his right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceeding;

(3) The answer shall indicate what transcripts are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. (The Court may, on its own motion, or upon request of either party, order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished);

(4) The portions of the transcripts the answering party deems relevant shall be attached

      to the answer;

(5) If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted;

(6) If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the Petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by Respondent with the answer.

As an alternative to filing a Rule 5 answer, Respondent may file a motion to dismiss based upon alleged nonexhaustion, abuse of the writ, failure to comply with the 1-year limitations period, or lack of jurisdiction; and in this regard:

(1) If Respondent files a motion to dismiss based upon alleged nonexhaustion, and if Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of Petitioner's brief on appeal and of the opinion of the appellate court, if any, should be filed by Respondent with the motion to dismiss;

(2) If Respondent files a motion to dismiss based upon alleged untimeliness, Respondent should file with the motion copies of all documents demonstrating relevant dates of any state court proceedings pursued by Petitioner.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

(1) The Clerk shall **mail, via certified mail,** a copy of the petition (Dkt. # 1) and the supporting brief (Dkt. # 2) to both Respondent Newton-Embry, Mabel Bassett Correctional Center, 29501 Kickapoo, McLoud, OK 74851, and the Oklahoma Attorney General, 2300 N. Lincoln Blvd., Ste.112, Oklahoma City, OK 73105. See Rule 4, Rules Governing § 2254 Cases.

(2) Respondent shall **show cause** why the writ should not issue and **file** a response to the petition within thirty (30) days of the entry of this order. Extensions of time will be granted for good cause only. See Rule 4, Rules Governing § 2254 Cases.

(3)   Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondent's response. If Respondent files a motion to dismiss, Petitioner has eighteen (18) days from the filing date of the motion to respond. LCvR7.1(e). Failure to respond to a dispositive motion may result in the dismissal of this action. LCvR7.1(f).

SO ORDERED THIS 16th day of March 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma