**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KIMBERLEY GAYLE PERIGO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 06-CV-069-JHP-PJC |
| ) | |
| **MILLICENT NEWTON EMBRY, Warden;** ) | |
| **JUSTIN JONES, Director; and** ) | |
| **ATTORNEY GENERAL OF THE** ) | |
| **STATE OF OKLAHOMA,** ) | |
| ) | |
| **Respondents.** ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner, appearing *pro se*. Respondent filed a response to the petition (Dkt. # 14), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 14, 17, 18). Petitioner filed a reply, and provided supplemental materials and argument[1] for the Court's consideration (Dkt. ## 20, 23). For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

In the early evening hours of August 17, 2001, Petitioner went to the trailer house of her former husband,[2] Jeffery Scott Packett, ostensibly to leave him a note about her weekend schedule and visitation rights with their son. She visited with Packett for a few minutes, then left to drive one

---

[1] The Court notes that the supplemental materials contain several new arguments and claims which were not raised in the petition. By Order filed September 25, 2007 (Dkt. # 24), the Court ruled that insofar as the supplemental materials raise new claims, such claims are unexhausted as well as time barred. Accordingly, they will not be addressed herein.

[2] Evidence at trial revealed that Petitioner and Mr. Packett had been divorced since 1991, at which time Petitioner relocated to Arkansas. Tr. Trans. Vol. VI at 1040, 1062. She moved back to Oklahoma in May, 2001. Id. at 1066.

of Packett's friends home. Petitioner returned to the trailer, and shot and killed Packett. Petitioner was ultimately charged with the crime of First Degree Murder, and was tried by a jury in Tulsa County District Court, Case No. CF-2002-1412. Attorney Stan Monroe represented Petitioner during trial proceedings. In Petitioner's version of events, the gun she used was lying on a table in Petitioner's home. She claims that she grabbed it and shot the victim in self-defense when he threatened her. According to the prosecution's theory, the gun belonged to Petitioner and she returned to the trailer with the specific intent to kill her ex-husband. The jury clearly did not find Petitioner's self-defense version of events credible. She was convicted and sentenced to life imprisonment.

Petitioner appealed her conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner, represented by attorney Thomas Purcell, raised two (2) propositions of error as follows:

> Proposition 1: A conviction should not stand where it was secured by the misleading argument of the prosecutor.
>
> Proposition 2: Ms. Perigo was denied effective assistance of trial counsel.

(Dkt. # 14, Ex. 1). In an unpublished summary opinion, filed November 8, 2004, in Case No. F-2003-990, the OCCA affirmed Petitioner's conviction (Dkt. # 14, Ex. 3). Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.

Next, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 1, attachment. Appearing *pro se*, Petitioner raised seven grounds of error:

> Ground 1: Ineffective assistance of appellate counsel.
>
> Ground 2: Error of the court in refusing to allow the petitioner to read the prior sworn statement of a State's witness given at the preliminary hearing to the jury at trial by reason that said witness was unavailable.

2

| | | |
|---|---|---|
| Ground 3: | Verdict was based on unreliable and misleading evidence. | |
| Ground 4: | State's tardiness in disclosing evidence. | |
| Ground 5: | Error of the trial court in admitting illegally obtained video taped statement. | |
| Ground 6: | Error of the trial court in refusing admission of certified court records pertaining to victim and Petitioner. | |
| Ground 7: | Trial errors when considered in a cumulative fashion warrant a new trial or a modification of Petitioner's sentence. | |

Id. The application was denied on December 1, 2005, and Petitioner appealed to the OCCA. The OCCA affirmed the district court's denial of post-conviction relief by Order filed January 12, 2006, in Case No. PC-2005-1273. See Dkt. # 14, Ex. 4.

On February 3, 2006, Petitioner filed her federal petition for writ of habeas corpus (Dkt. # 1). She combines the seven (7) grounds raised in her post-conviction appeal, with two (2) grounds labeled the same as propositions one and two as raised on direct appeal, to raise nine (9) claims, as follows:

| | | |
|---|---|---|
| Ground 1: | Ineffective assistance of appellate counsel. | |
| Ground 2: | Error of the court in refusing to allow the Petitioner to read the prior sworn testimony of a states witness given at the preliminary hearing to the jury at trial. | |
| Ground 3: | Verdict was based on unreliable and misleading evidence. | |
| Ground 4: | State's tardiness in disclosing evidence. | |
| Ground 5: | Error of the trial court in admitting illegally obtained video statement. | |
| Ground 6: | Error of the court in refusing admission of certified court records pertaining to victim and Petitioner. | |
| Ground 7: | Trial errors when considered in a cumulative fashion, warrant a new trial or a modification of Petitioner's sentence. | |

Ground 8:   A conviction should not stand where it was secured by the misleading argument of the prosecutor.

Ground 9:   Ms. Perigo was denied effective assistance of trial counsel.[3]

Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims are either procedurally barred, are not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 14.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted her state court remedies (Dkt. # 14 at 2). The Court does not agree. Portions of Petitioner's eighth and ninth grounds have not been presented to the OCCA, and are technically unexhausted. Federal courts generally should dismiss habeas petitions containing unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). Nonetheless, as the Tenth Circuit has held, this Court may "deny relief on the merits of a claim even if that claim has not been exhausted in state court." Spears v. Mullin, 343 F.3d 1215, 1234 (10th Cir. 2003); 28 U.S.C. § 2254(b)(2). Interests of comity and federalism underlie this principle, as well as avoiding litigation in state courts. Hoxsie v. Kerby, 108 F.3d 1239, 1242 (10th Cir. 1997) (citing Granberry v. Greer, 481 U.S. 129, 134 (1987)). In this case, the Court finds that the unexhausted

---

[3] Although the summary and title of ground nine is the same as ground two in Petitioner's direct appeal brief, the specific instances of ineffective assistance of counsel claim raised in this habeas corpus action are not the same as those raised on direct appeal.

4

portions of Petitioner's eighth and ninth grounds for relief should be denied on the merits. 28 U.S.C. § 2254(b)(2).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. State law claims not cognizable[4] (Grounds 2, 3, 4, 5, and 6)**

Habeas relief is not available in a challenge to state court evidentiary rulings unless the rulings "rendered the trial so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002). A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a

---

[4] As Respondent argues, these claims were rejected by the OCCA on procedural bar grounds. The record confirms that the issues raised in Petitioner's second, third, fourth, fifth, and sixth grounds were not presented to the OCCA on direct appeal. These claims were raised for the first time in Petitioner's post-conviction proceedings. In its order affirming the district court's denial of post-conviction relief, the OCCA stated:

> The District Court denied Petitioner's application for post-conviction relief, finding all but the first proposition of error to be barred by the doctrine of waiver because of Petitioner's failure to raise those claims on direct appeal. Any issue that could have been raised on direct appeal, but was not, is waived and may not be the basis of a post-conviction application. 22 O.S. 2001, § 1086; Rules 2.1(B) & 4.2(A). *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2005). *See also, Berget v. State*, 1995 OK CR 66, 907 P.2d 1078, 1081-85.

Dkt. # 14, Ex. 4 at 2. However, because the state law claims are not cognizable on habeas corpus review, consideration of the state courts' procedural bar is unnecessary and inefficient. See Brown v. Sirmons, 515 F.3d 1072, 1092-93 (10th Cir. 2008) (quoting Snow v. Sirmons, 474 F.3d 693, 717 (10th Cir. 2007), for the proposition that "[w]e can avoid deciding procedural bar questions where claims can readily be dismissed on the merits").

5

federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.

Petitioner alleges in her second ground for relief that the trial court erred in refusing to allow her to read to the jury prior sworn preliminary hearing testimony given by one of the State's witnesses (Dkt. # 1). Respondent asserts that the claim presented in Petitioner's ground two is not cognizable on habeas corpus review because it involves a matter of state law. Petitioner contends that her claim is grounded in due process principles (Dkt. # 2 at 16-17). Petitioner presents no evidence that the trial court's exclusion of the reading of preliminary hearing testimony rendered her trial fundamentally unfair. She makes only the conclusory argument that reversal is required because the court refused to admit the record of the testimony of an absent witness (Dkt. # 2 at 17). In the absence of factual allegations or evidence suggesting that the trial court's ruling rendered her trial fundamentally unfair, the Court finds that notwithstanding Petitioner's attempt to couch ground two in federal constitutional terms, her challenge to the trial court's evidentiary ruling refusing her request to read prior sworn testimony of an absent witness concerns a matter of state law. Accordingly, Petitioner's ground two claim is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

In ground three, Petitioner complains of various evidence and testimony introduced at trial which she claims was misleading, unreliable, perjured and false. See Dkt. # 21 at 17-18. Again, Petitioner claims that introduction of this evidence was a violation of her due process rights. Although Petitioner details the various evidence and testimony she objects to, she fails to convince the Court that introduction of this evidence and testimony resulted in a fundamentally unfair trial. The state court's determination to allow the testimony and evidence which Petitioner complains

6

about is not a subject for habeas corpus review, without a finding that her trial was rendered fundamentally unfair by the introduction of such testimony and evidence. This claim shall be denied.

In ground four, Petitioner contends that the State was tardy in disclosing evidence. In ground five, she alleges that the trial court erred in admitting an "illegally obtained video statement." Ground six references the trial court's alleged error in refusing admission of certified court records pertaining to past violent encounters between Petitioner and the victim. Petitioner has failed to demonstrate that her trial was rendered fundamentally unfair by these rulings. Therefore, each of these claims shall be denied because they concern state court rulings on matters of state law and are not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle, 502 U.S. at 67-8.

## C.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated most of Petitioner's claims in either direct appeal or post-conviction proceedings. Therefore, to the extent those claims are cognizable, they shall be reviewed pursuant to § 2254(d).

### 1. *Ineffective assistance of appellate counsel (ground 1)*

In her first ground for relief, Petitioner contends that her appellate counsel was ineffective for the following reasons: (1) [appellate counsel failed to raise the issue that trial] counsel didn't procure an expert witness on BWS/PTSD[5] after Petitioner had been diagnosed with PTSD, as he told her he was going to do; (2) counsel didn't present Petitioner's concerns about unreliable evidence; (3) counsel failed to keep Petitioner informed; and (4) counsel held defense trial lawyer identification of points of error as being without merit. See Dkt. # 1 at 6. These claims were raised by Petitioner in her post-conviction proceedings and rejected by both the district court and the OCCA. See Dkt. # 14, Ex. 4; Dkt. # 1, attachment.

The OCCA initially cited Strickland v. Washington, 466 U.S. 668 (1984) in affirming the district court's denial of Petitioner's ineffective assistance of appellate counsel claim. After referencing the two-part standard established in Strickland, the OCCA then continued its analysis by citing Cartwright v. State, 708 P.2d 592, 594 (Okla. Crim. App. 1985) for the proposition that failure to raise even a meritorious claim does not, in itself, constitute deficient performance (Dkt. # 14, Ex. 4 at 2). That legal premise deviates from the controlling federal standard. See Cargle v.

---

[5] BWS is an abbreviation for Battered Woman's Syndrome. PTSD stands for Post Traumatic Stress Disorder.

Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003). As a result, the OCCA's analysis of Petitioner's ground one claim of ineffective assistance of appellate counsel is not entitled to deference on federal habeas corpus review. Id. at 1205; Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005). Therefore, this Court will conduct a *de novo* review of Petitioner's four sub-issues of ineffective assistance of appellate counsel.

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). To establish ineffective assistance of counsel a petitioner must show that her counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A petitioner can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

9

undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

When a habeas petitioner alleges that her appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. More particularly, "the relevant questions are whether appellate counsel was 'objectively unreasonable' in failing to raise these . . . claims on direct appeal and, if so, whether there is a 'reasonable probability that, but for his counsel's unreasonable failure' to raise these claims, [Petitioner] 'would have prevailed on his appeal.'" Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001).

*a. Failure to challenge trial counsel's handling of BWS issue*

For her first claim of ineffective assistance of appellate counsel, Petitioner argues that her appellate attorney omitted a claim that trial counsel should have procured an expert witness on Battered Women's Syndrome ("BWS") and/or Post Traumatic Stress Disorder ("PTSD") after Petitioner had been diagnosed with PTSD. Petitioner contends that her trial counsel did not engage the services of a BWS expert because Petitioner did not have the funds to pay for such expert. Relying on Paine v. Massie, 339 F.3d 1194 (10th Cir. 2003), and Bechtel v. State, 840 P.2d 1 (Okla. Crim. App. 1992), Petitioner maintains that a BWS expert should have been engaged to testify that

she suffered from BWS, justifying her self-defense rationale for murdering her ex-husband. A review of the facts of this case leads the Court to conclude that trial counsel was not constitutionally ineffective for failing to provide a BWS expert to testify at Petitioner's trial.

At trial, Petitioner's counsel proceeded on a theory of self-defense, but offered no expert testimony regarding the effect of BWS or how such a condition might have affected the reasonableness of her actions in shooting her ex-husband. In Oklahoma, self-defense can be used to justify the taking of the life of an adversary if there is a reasonable ground to believe that one is about to suffer death or great personal injury. See Bechtel v. State, 840 P.2d 1, 6 (Okla. Crim. App. 1992) (citing Hood v. State, 106 P.2d 271 (Okla. Crim. App. 1940)). Testimony on BWS can be used to understand the reasonableness of an aggressor's belief that she is in imminent danger. Id. The Bechtel court also acknowledged that experts consider BWS to be a sub-category of PTSD, and the court established guidelines for a trial judge to consider in appropriate cases before BWS testimony may be admitted. Id. at 9-10. The first guideline requires that the defendant must offer evidence which establishes herself as a battered woman. Id. at 9. Respondent argues that Petitioner's trial counsel did not err in failing to call a BWS expert because Petitioner did not meet the criteria of a battered woman at the time of the murder. See Dkt. # 14 at 5.

Although Petitioner strenuously argues that she suffered from both BWS and PTSD, she has never identified precisely what a BWS expert would have testified to had her attorney presented such expert. Further, Petitioner has not alleged or demonstrated that she could even produce a qualified BWS expert who would have a) testified that Petitioner was suffering from BWS at the time of the killing, b) explained the impact of BWS on her state of mind, and c) opined that Petitioner's belief that the use of deadly force was necessary to protect herself from imminent danger

11

of death or great bodily harm could be considered reasonable based on her circumstances.[6] Having failed to present sufficient evidence and argument to establish that her trial counsel acted deficiently in failing to present a BWS expert, this Court concludes that Petitioner has failed to establish the first Strickland prong with respect to the underlying ineffective assistance of counsel claim. See Cummings v. Sirmons, 506 F.3d 1211, 1233 (10th Cir. 2007). Accordingly, her appellate counsel was not ineffective for failing to raise this claim on direct appeal.

### b. Failure to challenge unreliable evidence

In her brief in support of the petition, Petitioner argues that her appellate counsel failed to challenge unreliable evidence presented in the prosecution's case. See Dkt. # 2 at 8. Specifically, Petitioner alleges that the jury's verdict was based upon "unreliable" evidence because officers failed to maintain the integrity of the crime scene, failed to report evidence, lost evidence, and lied about it. Id. Respondent contends that the evidence was reliable based upon photos taken of the crime scene, testimony of the investigating officers, and testimony of neighbors (Dkt. # 14 at 14). Petitioner replies that "if nothing had been disturbed [at the crime scene] then, where did the row of stacked cardboard boxes come from?" See Dkt. # 21 at 17. Petitioner claims she "knows she was slung against the wall," yet "three separate witnesses said the boxes weren't there." Id. Although it is not entirely clear, Petitioner seems to be challenging the credibility of the police officers' testimony regarding the crime scene. The trial record reveals that Petitioner's attorney vigorously

---

[6]The evidence at trial demonstrated that during their marriage, from the late 1980s to 1991, the victim abused Petitioner. See Tr. Trans. Vol. VII at 1279: Vol. VIII at 1583-84. During the ten-year period between their divorce in 1991 and the murder in 2001, however, they had very little, if any, contact. See Tr. Trans. Vol. VI at 1084; Vol. VII at 1298. Furthermore, Petitioner voluntarily went to the victim's home twice on the day of the murder. Tr. Trans. Vol. VI at 1078; Vol. VII at 1305. These circumstances do not support Petitioner's claim that she suffered from BWS at the time of the murder.

cross-examined City of Collinsville police officers Jimmy McBee and Travis Linzy, and Oklahoma State Bureau of Investigations investigator Jon Huntington regarding their investigation of the murder and the crime scene. See Tr. Trans. Vol. V at 807-37, 910-47; Tr. Trans. Vol. VII at 1345-1403. The jury was charged with deciding what to believe from all witness testimony. Petitioner has failed to demonstrate a reasonable probability that, but for her counsel's alleged unreasonable failure to raise this claim, she would have prevailed on her appeal. Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001). She is not entitled to habeas relief on this portion of her ground one claim.

*c. Failure to keep Petitioner informed and to follow trial counsel's suggestions*

In the last two sub-parts of ground one, Petitioner complains that her appellate counsel did not follow her suggestions for issues to be raised on direct appeal, nor did he include all issues that trial counsel suggested. Petitioner claims that appellate counsel's failure to abide by her wishes was a violation of the rules of professional conduct and resulted in constitutionally ineffective representation. See Dkt. # 2 at 10. Contrary to Petitioner's belief and argument, her attorney "does not have to take every position and make every argument that the client requests." United States v. Boigegrain, 155 F.3d 1181, 1187 (10th Cir. 1988); see also United States v. Dawes, 874 F.2d 746, 748 (10th Cir. 1989) (per curiam) ("There is no right to counsel who will blindly follow a defendant's instructions."), *overruled on other grounds by* United States v. Allen, 895 F.2d 1577 (10th Cir.1990). Here, Petitioner does not provide adequate support for her premise that the result of her appeal would have been different if appellate counsel had raised any of the alleged omitted issues. Petitioner has not met her burden of proof under Strickland to demonstrate that appellate counsel's representation was deficient, or that such alleged deficiency was prejudicial. No relief will be granted on these claims.

### *2. Alleged misleading arguments of prosecutor (ground 8)*

In her eighth ground for relief, Petitioner states that her conviction should not stand where it was secured by the misleading argument of the prosecutor. She contends that the State was allowed to lay a foundation using demonstrative evidence, the prosecutor kept coming back to "no signs of a struggle," and that there were no indicators that the victim owned or possessed a gun. See Dkt. # 1. In her brief in support of the petition, she states simply that, "Prosecution was allowed to lay a foundation using demonstrative misleading\unreliable evidence to recreate a magnificent murder drama for the jury, violating Petitioner's due process of law." See Dkt. # 2 at 23.

A claim that her "conviction should not stand where it was secured by the misleading argument of the prosecutor" was raised as proposition one in Petitioner's state direct appeal proceedings. With the exception of the claim that the prosecutor mislead the jury "that there were no indicators that the victim owned or possessed a gun," a review of Petitioner's brief on direct appeal reveals a different argument from the conclusory, unsupported statements Petitioner makes in these habeas proceedings. See Dkt. # 14, Ex. 1 at 8-13. On direct appeal, Petitioner argued that the prosecution mislead the jury in closing arguments by challenging Petitioner's story that the gun she used to shoot the victim in self-defense was lying on a table in the victim's trailer. Petitioner claimed the prosecutor incorrectly advised the jury that the victim never possessed a handgun. Id. at 9. Specifically, Petitioner challenged the following portion of the prosecutor's closing argument:

> We also have what she can't get around of, around, which is every person who has known Scott Packett and every person who has been in his home, those people who have testified in this case, and that's the only evidence you have before you, those people are saying to you we have never, ever, seen him have a gun. And these officers who are in there saw nothing to document that this guy might have had a gun. No box of ammunition, no box to contain the gun, no proof of ownership papers.

14

(Tr. Trans., Vol IX at 1499). The OCCA rejected this claim on direct appeal, finding that the "Prosecutor's argument was based upon the evidence produced at trial." See Dkt. # 14, Ex. 3 at 2. The OCCA explained further in a footnote that, "A review of the Prosecutor's argument reveals that he did not assert that Packett had "never" possessed a gun, but that no one had seen a gun at Packett's trailer or in his possession prior to his death." Id. at n.1.

Petitioner has provided no argument or authority to support a grant of relief under 28 U.S.C. § 2254(d). She has not shown how the OCCA's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d). A review of the trial transcript reveals that the prosecutor's remarks were reasonable inferences drawn from the evidence and testimony presented at trial. See e.g., Hooper v. Mullin, 314 F.3d 1162, 1172 (10th Cir. 2002). The comments did not violate Petitioner's constitutional rights. The OCCA's ruling was not contrary to or an unreasonable application of Supreme Court law. Petitioner is not entitled to habeas corpus relief on this portion of her eighth ground.

Insofar as Petitioner now contends that the prosecutor was allowed to lay a foundation using demonstrative evidence, kept coming back to "no signs of a struggle," and used "demonstrative misleading\unreliable evidence to recreate a magnificent murder drama for the jury," these arguments were not presented to the OCCA. Although this portion of ground eight is technically unexhausted, the Court finds that this portion of Petitioner's ground eight claim is without merit and shall be denied on that basis. See 28 U.S.C. § 2254 (b)(2). Petitioner's claim of improper behavior by the prosecutor is void of supporting argument or authorities, and is simply a conclusory argument

15

lacking substance. Conclusory allegations without supporting factual averments are insufficient to state a claim in habeas proceedings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). While this Court will liberally construe the pleadings of a *pro se* petitioner, this liberality cannot transform "vague and conclusory arguments" into valid claims for relief. Ogden v. San Jaun County, 32 F.3d 452, 455 (10th Cir. 1994). The unexhausted portion of ground eight is without merit, and relief is denied on this ground.

### *3. Ineffective assistance of trial counsel (ground 9)*

Petitioner's ninth ground for habeas relief is titled the same as her ground two proposition reviewed on the merits by the OCCA on direct appeal, but the substance of her ninth ground differs substantially from the direct appeal claim. On direct appeal, Petitioner argued that her trial counsel's failure to introduce important evidence of a prior violent incident between the victim and Petitioner constituted ineffective assistance under the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984). See Dkt. # 14, Ex. 1 at 14. Petitioner argued that failure to introduce this evidence allowed the State to mislead the jury into believing that Packett had no history of possessing handguns and that Petitioner's claim of self-defense could not be true. Id. at 16. Finding that trial counsel was not constitutionally ineffective, the OCCA held:

> Perigo was not prejudiced by trial counsel's failure to secure admission of additional evidence of the victim's prior gun possession or her abuse at his hands. Perigo was convicted based upon her statement and its inconsistencies with the evidence. The claimed omitted evidence would not have changed this result.

See Dkt. # 14, Ex. 3 at 2 n.2. Petitioner provides no argument or authority to convince this Court that the OCCA's ruling was an unreasonable application of Supreme Court law or was based on an unreasonable determination of the facts.

In ground nine of her habeas petition, Petitioner expands her ineffective assistance of trial counsel claim, asserting: (1) expert witness was not procured by trial counsel when Petitioner ran out of money in the course of trial; (2) trial counsel did not object to prosecutor's tactics; and (3) trial counsel did not present the three witnesses (since two of them are deceased, one is out of state and cannot be located by Petitioner) who could have testified to the victim having a 9mm handgun and to the fact that the bullet hole in the ceiling was made by victim while cleaning a pistol. See Dkt. # 1, attachment A-7. Further, in her brief in support of the petition, the sole argument for ground nine centers around Petitioner's claim that her trial counsel failed to procure and present expert testimony regarding BWS. See Dkt. # 2 at 8-15.

*a. BWS expert not procured for trial*

Petitioner contends that her trial counsel's performance was unreasonably deficient for failing to present testimony from a qualified BWS expert. This issue was analyzed in Part C above in conjunction with Petitioner's ineffective assistance of appellate counsel claim, and this Court concluded that trial counsel was not ineffective.

*b. Failure of trial counsel to object to prosecutor's tactics*

Although this particular sub-claim was not presented to the state courts for review as a portion of an ineffective assistance of trial counsel claim, the Court can easily dispose of the issue on the merits. 28 U.S.C. § 2254(b)(2). Insofar as Petitioner may be complaining of the prosecutor's alleged improper statements in closing argument discussed in Part C above, the claim has no merit as the prosecutor's statements were not improper. Petitioner neglects to provide any details about other "prosecutor's tactics" which should have drawn an objection by her trial counsel. The Court "cannot take on the responsibility of serving as [Petitioner's] attorney in constructing arguments and

searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (citing Hall, 935 F.2d at 1110). Without any clues as to the basis of Petitioner's claim, this Court cannot grant relief on the vague and conclusory allegation that her trial counsel did not "object to the prosecutor's tactics."

### c. *Failure to present witnesses who could testify that Petitioner owned a handgun*

This appears to be related to the ineffective assistance of counsel claim raised by Petitioner on direct appeal. In her habeas petition, Petitioner advises that there were three witnesses (unidentified) who could have testified that the victim owned a handgun, and that trial counsel's failure to present these witnesses constituted a violation of Petitioner's right to effective assistance of counsel. This bald claim, without additional factual background or legal authority is insufficient to overcome Petitioner's burden of demonstrating that the OCCA's resolution of the issue was an unreasonable application of Supreme Court law or was based on an unreasonable determination of the facts. She is not entitled to habeas relief on this issue.

### D. Cumulative error (ground 7)

In ground seven, Petitioner argues that the accumulation of all trial errors deprived her of her rights to due process and fundamental fairness, entitling her to relief. The Tenth Circuit Court of Appeals has specifically held that cumulative error analysis is applicable "only where there are two or more actual errors." Fero v. Kerby, 39 F. 3d 1462, 1475 (10th Cir. 1994) (citing United States v. Rivera, 900 F. 2d 1462, 1571 (10th Cir. 1990)). Cumulative impact of non-errors is not part of the analysis. Id. Having rejected each of Petitioner's claims, the Court finds Petitioner has shown no cumulative error warranting a new trial.

18

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that she is in custody in violation of the Constitution or laws or treaties of the United States. Her petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate Judgment shall be entered in this case.

DATED THIS 31st day of March 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma